In the Matter of the Claim of SARAH VOLKER, Respondent, against HAROLD DAVIS, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of death benefits under the Workmen's Compensation Law. The only question was the wage rate. Award affirmed, with costs to the State Industrial Board. All concur. [See post, p. 1072.]

In the Matter of the Claim of ELIZABETH O'CONNELL, Appellant, against SHEFFIELD FARMS CO., INC., Respondent. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the widow of Harold A. O'Connell from a decision of the State Industrial Board which denied death benefits because of the death of her husband. Claimant contended that her husband was injured November 24, 1940, while engaged in the regular course of his employment. The deceased employee filed a claim for compensation before his death. On the hearing of his claim he testified that while delivering milk for his employer, with a horse and wagon, the horse escaped and that he had to run three quarters of a block to catch it, and that as a result and because of unusual exertion he sustained accidental injuries. The Industrial Board found that the death of the decedent was due solely to a diseased heart and that his death resulted from natural causes. The Board found that the incident relating to the horse had nothing to do with the death of decedent. The evidence sustains the decision of the Board. Decision affirmed, without costs. All concur.

In the Matter of the Claim of BENNY PEARLMAN, Appellant, against PHILIP GREENBERGER et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimant from a decision of the Industrial Board which rescinded a referee's award made to claimant and disallowed his claim for workmen's compensation upon the ground that the evidence failed to establish that the injuries and disability counted upon were the result of an accident sustained in the course of his employment by respondent-employer. The decision has adequate support in the evidence. Decision affirmed, without costs. All concur.

In the Matter of the Claim of ELSIE L. GODSMAN, Respondent, against GRUMMAN AIRCRAFT ENGINEERING CORPORATION et al., Appellants, and AGGREGATE TRUST FUND, STATE INSURANCE FUND, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of death benefits under the Workmen's Compensation Law. Decedent was employed as a fire guard. He died as the result of a cardiac attack after responding to a fire call. There is credible and strong proof that decedent underwent unusual exertion and excitement, sufficient to bring on the fatal attack. Under all the circumstances disclosed the Board could draw the inference that decedent died as the result of an accidental injury. Award affirmed, with costs to the State Industrial Board. All concur. [See post, p. 1072.]

In the Matter of the Claim of BERTHA JOHNSON, Respondent, against FARBER-BRANDIN, INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award for death benefits. Decedent came to his death while temporarily working in the State of Pennsylvania in an employment incident to his usual employment in the State of New York. Award affirmed, with costs to the State Industrial Board. All concur. [See post, p. 1072.]